UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN PERPINAN,                                           No. 05-14638

                                  Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                                  Plaintiff(s),

             v.                                   A.P. No. 06-1087

JOAN SCOGGINGS, et al.,

                                  Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       The complaint in this matter alleges that a payment of about $8,200.00 made before bankruptcy to defendant Joan Scoggins, mother of debtor John Perpinan, is avoidable as a preference or a fraudulent conveyance. Scoggins has responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

       The motion is procedurally baseless. Avoidance actions arise under the Bankruptcy Code. The court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. § 1334(b). Just because a

1

defendant has a defense, even a clear defense begging for summary judgment, does not mean that the court has no jurisdiction to hear the case.

Although not necessary to decide the motion, the court notes that Scoggins misreads *In re Keller*, 185 B.R. 796 (9th Cir.BAP 1995). That case merely held that state court adjustments to property rights of spouses in marital dissolution proceedings were not, in the context of that case, avoidable by the trustee. It is not applicable to payments to third party creditors like Scoggins.

The argument that the Rooker-Feldman doctrine bars is applicable to this case is nonsense. Just because a state court orders a payment does not insulate the payment from avoidance as a preference. The state court in this case made no attempt to decree that the payment to Scoggins was not avoidable in bankruptcy, but even if it had its order would not have been binding on the bankruptcy trustee because no bankruptcy had as yet been filed.

The motion to dismiss will accordingly be denied, and Scoggins shall have ten days to answer the complaint. Counsel for plaintiff shall submit an appropriate form of order.

Dated: July 24, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2